IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MCCOLLOUGH ENTERPRISES, LLC, et al., ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | CIVIL ACTION 09-0310-WS-B |
| MARVIN WINDOWS & DOORS, ) ) ) | |
| Defendant. ) | |

**ORDER**

This matter is before the Court on its sua sponte evaluation of its subject matter jurisdiction. The defendant removed this action on the basis of diversity of citizenship, and the Court questioned whether the defendant had carried its burden of showing that the amount in controversy exceeds $75,000. (Doc. 6). The defendant filed a supplemental brief in support of removal, (Doc. 9), the plaintiffs filed a response, (Doc. 10), and the issue is ripe for resolution.

The complaint alleges that the windows the defendant manufactured for the plaintiffs' building proved to be defective. The complaint seeks compensatory and punitive damages in excess of the minimal jurisdictional limit of the state court ($10,000), but does not otherwise articulate an amount demanded. (Doc. 1, Exhibit 1).

"[W]e hold that where a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $[75],000 jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *overruled on other grounds*, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). Because the plaintiffs have made an unspecified demand for damages, the *Tapscott* standard applies here. Under *Tapscott,* the defendant must show that, if the plaintiffs

prevail on liability, they will more likely than not be awarded over $75,000.[1]

"When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement.  If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).  The Court followed this path in ordering additional briefing.

The amount in controversy is not apparent from the face of the complaint, because there is no way to determine from it whether the plaintiffs, if successful, are more likely than not to receive an award of over $75,000.  *Cf. Williams,* 269 F.3d at 1318, 1320 (allegations that the plaintiff tripped over a curb and suffered permanent physical and mental injuries, that she incurred substantial medical expenses, that she suffered lost wages, that she experienced a diminished earning capacity, and that she would continue to suffer these damages in the future, along with a demand for both compensatory and punitive damages, did not render it facially apparent that the amount in controversy exceeded $75,000).

The notice of removal merely states the conclusion that the amount in controversy exceeds the jurisdictional amount. (Doc. 1 at 1).  "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying

---

[1]*E.g., Hitch v. Laws*, 2000 WL 1005888 at *2 (S.D. Ala. 2000) ("Defendants can discharge the burden 'by presenting sufficient evidence that a verdict rendered in favor of [plaintiffs] would exceed $75,000.'") (quoting *Holman v. Montage Group*, 79 F. Supp. 2d 1328, 1330 (S.D. Ala. 1999); *accord Lowe's OK'd Used Cars, Inc. v. Acceptance Insurance Co.*, 995 F. Supp. 1388, 1393 (M.D. Ala. 1998) ("In a diversity action where the plaintiff has not made a specific request for damages, the ultimate question the court addresses is whether a defendant has established by a preponderance of the evidence that should the plaintiff prevail on a particular claim, the plaintiff, more likely than not, will recover in excess of the federal jurisdictional prerequisite.").

facts supporting such an assertion, is insufficient to meet the defendant's burden." *Williams*, 269 F.3d at 1319-20; *see also Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 972 (11th Cir. 2002) ("unsupported assumptions" are "inadequate"; *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1210-1211 (11th Cir. 2007) (a defendant cannot establish the amount in controversy by a preponderance of the evidence if it offers no evidence).

The parties agree that the plaintiffs' compensatory damages are of two types: (1) the cost of replacement windows; and (2) the cost of removing the existing windows and installing the replacements. They also agree that the latter cost is substantially less than $75,000.[2] The defendant offers undisputed evidence that the cost of the replacement windows is approximately $56,685. Thus, compensatory damages satisfy the jurisdictional threshold if both types are included but do not if either is excluded.

The plaintiffs deny that they are suing for the cost of the replacement windows. (Doc. 9, Exhibit B). They explain that, before suit was filed, the parties reached agreement that the defendant would provide replacement windows free of charge. (*Id*.; Doc. 10, ¶¶ 7, 11; *id*., G. McCollough Affidavit; *id*., S. McCollough Affidavit). The defendant responds that the plaintiffs are mistaken and that it made only an offer to settle the dispute, which the plaintiffs rejected. (Doc. 9 at 1, 3). The trouble is that the plaintiffs, not the defendant, get to decide what to sue for. The uncontroverted evidence is that the plaintiffs have elected to sue only for the cost of removing the existing windows and installing replacements. Accordingly, the amount in controversy based on

---

[2]The plaintiffs cite a range of $54,000 to $58,000, while the defendant provides a range of $21,500 to $25,800. The defendant suggests that, "potentially," there could be "unknown and unexpected additional costs," (Doc. 9, Smith Affidavit, ¶ 6), but damages so uncertain in existence and in amount, even if not subsumed within the plaintiffs' range, cannot be considered in evaluating the amount in controversy, since it is impossible to say that a jury is likely to award them at all, much less in any specific amount.

compensatory damages cannot exceed $58,000.[3]

To make up the $17,000 difference, the defendant notes that the plaintiffs seek punitive damages. (Doc. 9 at 3). The trouble is that the defendant relies solely on the complaint, without any evidence as to the value of the punitive damages claim. A defendant must meet its burden by a preponderance of the evidence, and it cannot do so by relying, as does the defendant, only on the inconclusive pleading itself. *Lowery*, 483 F.3d at 1210-11. Indeed, "[w]e think it highly questionable whether a defendant could ever file a notice of removal on diversity grounds in a case such as the one before us — where the defendant, the party with the burden of proof, has only bare pleadings containing unspecified damages on which to base its notice — without seriously testing the limits of compliance with Rule 11." *Id*. at 1213 n.63. Thus, even where the defendant needed only to show combined compensatory and punitive damages of $12,500, "[t]o reach such a conclusion [based only on the complaint], we would necessarily need to engage in impermissible speculation." *Id*. at 1220; *see also Channell v. Nutrition Distribution, LLC*, 2008 WL 5114314 at *1 (M.D. Ala. 2008) (a mere claim for punitive damages did not allow the Court to assume that the claim's value was over $25,000).[4]

For the reasons set forth above, this action is **remanded** to the Circuit Court of Baldwin County.

---

[3]Of course, having admitted that they are not suing for the cost of the replacement windows, the plaintiffs will not be able to recover such damages in this action even should the defendant — as it seems intent on doing — refuse to provide the windows. And of course, should the plaintiffs attempt to recover the cost of the replacement windows in state court, the defendant may again seek removal.

[4]The defendant relies on *Ryan v. State Farm Mutual Automobile Insurance Co.*, 934 F.3d 276 (11th Cir. 1991), for the proposition that a punitive damages demand can satisfy the amount in controversy requirement. (Doc. 9 at 3). That may be so in a proper case but, as *Lowery* makes plain, it is not so when the defendant relies only on the bare fact that punitive damages are sought.

DONE and ORDERED this 20th day of July, 2009.

s/ WILLIAM H. STEELE<br>UNITED STATES DISTRICT JUDGE